IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 5:05CR00024-1 |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| DAWN MICHELLE DEIBERT, | ) | |
| | ) | |
| | ) | By:  B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Indictment charging defendant in Count One with knowingly and intentionally combining, conspiring, confederating and agreeing together with persons known and unknown to the Grand Jury, to commit the following offenses against the United States: to knowingly and intentionally distribute and possess with intent to distribute five hundred or more grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846; in Count Two with knowingly and intentionally distributing and possessing with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1); in Counts Seven and Eight with knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1); and in Counts Six and Nine with knowingly and intentionally possessing with intent to distribute 50 grams or more of a mixture or substance containing a

detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

On January 4, 2006, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to Count One of the Indictment pursuant to a plea agreement between defendant and the government. The government has agreed to dismiss the remaining counts of the Indictment upon acceptance of plaintiff's guilty plea.

At this hearing the defendant was placed under oath and testified that her full legal name is Dawn Michelle Deibert, that she was born on June 1, 1967, and that she received one year of college education. The defendant stated that she can read, write, and understand the English language. The defendant stated that she was fully aware of the nature of the charges against her and the consequence of pleading guilty. The defendant further testified that she was not under the influence of alcohol, medicine, or any drug. Defendant stated that she had no other physical or mental condition which impaired her ability to understand the nature of the proceedings being held.

The defendant testified that she had received a copy of the Indictment pending against her and that she had fully discussed the charges therein, and her case in general, with her counsel. She also testified that she had read the plea agreement in its entirety and had discussed the plea agreement with her counsel before signing the agreement. She stated that she understood the terms of the agreement and that the document presented to the court set forth her agreement with the government in its entirety. The defendant specifically testified that she understood that under the terms of the agreement she was waiving any right to appeal or to collaterally attack her conviction or sentence and that she was waiving her right to have a jury determine beyond a reasonable doubt the facts alleged in Count One, including any facts related to sentencing. Defendant's counsel stated that he had reviewed each of the terms of the plea agreement with the defendant and was satisfied that she

understood those terms.

The defendant stated that she was pleading guilty of her own free will because she was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises other than those contained in her agreement with the government, or made any assurances or threats to her in an effort to induce her plea. The defendant testified that she understood that the offense with which she is charged is a felony and that, if her plea is accepted, she will be adjudged guilty of that offense. Moreover, the defendant testified that she understood that she will be required to pay a mandatory assessment of $100, and that at the discretion of the court, she may also be denied federal benefits, as that term is defined in 21 U.S.C. § 862(a), for a period of years or indefinitely, as set forth in the plea agreement. The defendant acknowledged that she consented to the administrative forfeiture, official use and/or destruction of any illegal firearms or contraband seized by any law enforcement agency from her possession or from her direct or indirect control. The defendant further acknowledged that she consented to forfeit any right, title and interest she has in assets purchased with proceeds of his illegal activity, directly or indirectly and that such a forfeiture of property is proportionate to the degree and nature of the offense she committed and does not raise any of the concerns addressed in *United States v. Austin*, 113 S.Ct. 2801 (1993). The defendant stated that she was waiving her right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant stated that she understood that she must submit to the government a complete and truthful financial statement revealing all her assets and liabilities on a form provided by the government within 30 days of the date of the plea agreement. The defendant also testified that she was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the

investigation or prosecution of her case.

The defendant was informed that the maximum possible penalty provided by law for Count One is life imprisonment and a $4,000,000 fine, together with supervised release. The defendant was also informed that the minimum mandatory sentence for Count One is ten years imprisonment.[1] The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that she and her counsel had discussed how the sentencing guidelines might apply in her case. The defendant also testified that she understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report had been prepared and both parties had been given an opportunity to challenge the reported facts and the application of the guidelines. She stated that she understood that the eventual sentence imposed may be different from any estimate her attorney has given her and that the court has the authority to issue a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty.

The defendant stated that she understood that, contingent upon her acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of her duties

---

[1] Defendant was informed that she could be sentenced to less than ten years imprisonment if the government makes a motion under Title 18, United States Code, Section 3553(e) on her behalf, or if she qualifies for the "Safety-Valve" set forth in Title 18, Section 3553(f).

4

under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a) for acceptance of responsibility, and because she meets the listed criteria, she should be granted an additional one-level (1) reduction under USSG § 3E1.1(b) if her offense level is 16 or greater. The defendant was informed that the government will recommend that she receive a sentence of incarceration between the low end and middle of the applicable sentencing guidelines range and that the government will object to any motion for downward departure that she might make. The defendant also stated that she understood that the government is under no obligation to file a motion for substantial assistance, but that to the extent the government does exercise such discretion in this regard, she must provide such assistance in a manner set forth in the plea agreement. The defendant stated that she understood that a determination as to whether she had provided "substantial assistance" was a matter within the discretion of the United States Attorney's Office. The defendant stated that she knew that parole had been abolished and that if she is sentenced to prison she will not be released on parole but on supervised release, a violation of which could result in additional incarceration.

The defendant testified that she understood that she had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if her guilty plea is accepted:

1. The right to plead not guilty to any offense charged against her;
2. The right at trial to be presumed innocent and to force the government to prove her guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in her own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
6. The right to decline to testify unless she voluntarily elected to do so in her own defense;
7. The right to a unanimous guilty verdict;
8. The right to appeal a guilty verdict.

The defendant also testified that she understood that if she is adjudged guilty of the charges against her, she may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

The defendant stated that she was fully satisfied with the advice and representation given to her in this case by her counsel. The defendant testified that she understood the possible consequences of her plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept her plea of guilty to Count One of the Indictment.

## THE GOVERNMENT'S EVIDENCE

The defendant waived her right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein regarding the offense charged is as follows:

Beginning at least as early as October 21, 2004, defendant and James Ray Dean were distributors of methamphetamine in the Shenandoah Valley of the Western Judicial District of Virginia. Defendant was Dean's principal and greatest supplier. Some of the methamphetamine Dean received was supplied by defendant "on the front", or on credit. On several occasions in late 2004 and early 2005, defendant and Dean were individually found to be in possession of methamphetamine, including on one occasion when defendant was found to be in possession of approximately a half pound of methamphetamine in the Western Judicial District of Virginia. On numerous occasions as detailed in the Indictment, defendant and Dean individually sold methamphetamine to a confidential informant.

Dean, a self-admitted user of methamphetamine, also possessed approximately fifty (50) guns on March 16, 2005, of which thirty-five were identified as having moved in interstate or foreign commerce. These guns are detailed in the Indictment, and each meets the statutory definition of a "firearm" in Title 18. These firearms were possessed in the Western Judicial District of Virginia.

6

Case 5:05-cr-00024-GEC   Document 69   Filed 01/11/06   Page 6 of 8   Pageid#: 128

On March 20, 2005, Deibert made a Mirandized statement during which she admitted to her intent to sell the multiple ounces of methamphetamine seized from her that night. On April 18, 2005, Deibert made a separate Mirandized statement during which she admitted that she had been obtaining methamphetamine from a Mexican national.

After his arrest, Dean made a Mirandized statement that he had been receiving between an eighth of an ounce and a half-ounce of methamphetamine from defendant on a weekly basis from the Summer of 2004 to March of 2005. He stated that she "cut him off" as a supply because he owed her so much money for methamphetamine previously supplied to him for resale. This methamphetamine was partly for his personal consumption and partly for resale. Dean noted that defendant was commonly accompanied and assisted by a male person who has not yet been prosecuted.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;
2. The defendant is aware of the nature of the charges and the consequences of her plea;
3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and
4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One of the Indictment and adjudge her guilty of that offense.

7

The undersigned further DIRECTS that a presentence report be prepared and RECOMMENDS that the presiding District Judge defer acceptance of the plea agreement until after that report has been submitted to the Court. A sentencing hearing hereby is scheduled for April 17, 2006 at 1:30 p.m. before the presiding District Judge in Harrisonburg.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: /s/ [signature]
United States Magistrate Judge

1-11-2006
Date

8