CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAY 2 2 2009

JOHN F. CORCORAN, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

UNITED STATES OF AMERICA )
Plaintiff, )
)
v. ) Criminal Action No. 5:05CR00024
)
DAWN MICHELLE DEIBERT )
Defendant. )

REQUEST FOR RECONSIDERATION

COMES NOW, Dawn Michelle Deibert, without assistance of counsel and on her own behalf to request this honorable court to reconsider its May 8, 2009 Order denying my motion to compel the government to file a Rule 35 motion for resentencing based on the following additional information, to wit:

1. Because the government promised to file a Rule 35 motion after I was sentenced, I did not file a motion to modify the sentence under 28 U.S.C. § 2255 within one year of sentencing.

2. In reliance of the government's promises, my right to post-conviction relief was usurped. Had I known the promises were made with no intention of being fulfilled, I would have timely filed the § 2255 motion.

3. While the government has no duty under Rule 35 to file a motion to modify a sentence, under the rules of professional conduct an attorney has a duty to act ethically and responsibly in all matters.

4. The government's failure to file the promised Rule 35 motion constitutes an ethical breach that has caused me undue and severe prejudice and abrogation of my constitutional right to seek post-conviction relief.

5. I am not an attorney and have had to rely on attorneys for information in order to make critical decisions in my case. Had the government not promised to file a Rule 35 motion and had my attorney not affirmed those promises, I would not have agreed to the terms of the plea.

6. Furthermore, I was told to not file a § 2255 motion as it was not necessary due to what was characterized as the soon to be filed Rule 35 motion.

7. I contend that repeatedly promising to file a Rule 35 motion and assuring me that it was not necessary to file a § 2255 motion that resulted in the loss of the opportunity and right to seek modification of the sentence constitutes prosecutorial misconduct that borders on unethical conduct for which the offending party(ies) must be held accountable.

8. Surely the court has the duty to ensure the fair and impartial administration of justice and that defendants are not denied their constitutional rights as a result of underhanded dealings of prosecutors and government agents.

9. Perhaps I have not fashioned my issues in a manner than conforms to the court's expectations as certainly could be as I have no training as to legal format, procedure or proceedings. I respectfully ask the court to construe my motion and this request for reconsideration under the most appropriate rule(s), including those relating to habeas corpus and to not hold me to the same standards as attorneys and other officers of the court in its consideration of these matters.

WHEREFORE, I, Dawn Michelle Deibert, respectfully request this honorable court to grant my motion to compel or grant any other relief it deems appropriate such as an evidentiary hearing.

Subscribed this 18 day of May, 2009 under penalty of perjury.

By: [signature]
Dawn Michelle Deibert, herein Movant
Inmate No. 11013-084
Federal Prison Camp A-4
P.O. Box A
Alderson, West Virginia 24910

I, Dawn Michelle Deibert, hereby certify that I caused a true and correct copy of the herein "Request for Reconsideration" to be placed in the inmate mail repository on the 18 day of May, 2009 addressed to opposing counsel.

[signature]
Dawn Michelle Deibert

Dawn Deibert
11013-084 A4
Federal Prison Camp
Box A
Alderson, WV
24910




11013-084

U S DISTRICT COURT
116 N MAIN Street
ROOM 314
Harrisonburg, VA - 22802
United States

2280253832 C007