CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 29 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 5:05CR00024 |
| | ) (Case No. 5:09CV80165) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| DAWN DEIBERT, | ) |
| | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

This matter is before the court upon petitioner's motions seeking to compel the government to file a motion for reduction of sentence on her behalf, based on substantial assistance allegedly offered to law enforcement personnel by petitioner's boyfriend. By order entered June 18, 2009, the court notified petitioner of the court's intention to construe and address petitioner's motions, collectively, as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, unless petitioner expressly objected within ten (10) days to the court's intended construction of the motion. See Castro v. United States, 540 U.S. 375, 383 (2003) (requiring court to give petitioner opportunity to elect whether criminal motion be addressed as § 2255 motion). Petitioner has responded, indicating that she objects to the court's construction of the submitted motion as a § 2255 and asking to have the motions construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. As her allegations do not state any claim for relief under § 2241 and as she does not wish to proceed with the action as a § 2255 motion, the court must dismiss the motion.

## Background

Petitioner Dawn Deibert pleaded guilty in January 2006, pursuant to a written plea agreement, to conspiring to distribute 500 or more grams of methamphetamine. In exchange for the guilty plea, the government dismissed several counts of distribution of the drug. Pursuant to the plea agreement, she waived her right to appeal and her right to bring a motion to vacate under 28 U.S.C. § 2255 as to the conviction or the sentence imposed. She was sentenced in April 2006 to 210 months imprisonment. She did not appeal.

In her current submissions, Deibert alleges that after she pleaded guilty, but before she was sentenced on April 17, 2006, government agents met with Deibert, several relatives, and her boyfriend, and promised that within a year, they would file a motion for resentencing in her case, pursuant to Federal Rule of Civil Procedure 35(b). After sentencing, the agents allegedly assured Deibert and those with her that soon, she would be resentenced and would spend no more than one year in prison. Because Deibert had a serious drug addiction, the parties allegedly agreed that her boyfriend, who had already assisted authorities, would continue to do so on Deibert's behalf.[1] For months after sentencing, agents continued to tell Deibert and her family that the sentence reduction motion was coming. Earlier this year, they allegedly told her that they would need to meet with her and ask her some questions before meeting with the Assistant United States Attorney ("AUSA") to draft the motion for sentence reduction. When she asked to be transported to Virginia to meet with the agents, they told her, "It's not that simple." Deibert

---

[1] Deibert does not include with her motions any information about the nature of any assistance that her boyfriend has offered to authorities on her behalf. She alleges that before sentencing, she identified a man in a photograph as a means of assisting law enforcement authorities. However, she does not describe how this action furthered prosecution of any other offenders or that anyone promised her a sentence reduction based on this specific piece of assistance alone.

asserts that she did not file a § 2255 motion within a year after her conviction, based on the government agents' continuing promises that a Rule 35(b) motion was still forthcoming.[2]

In her most recent submission, Deibert states that she does not want to bring these arguments as a § 2255 motion, as construed by the court. She argues that because the government has merely delayed fulfillment of the alleged promise to file a Rule 35(b) motion, rather than directly refusing to do so, her claims are not appropriately considered under § 2255.[3] Instead, she asserts that her arguments should be construed and considered as a petition for a writ of habeas corpus, pursuant to § 2241 on the ground that the current sentence is unconstitutional. She seeks an opportunity to amend the § 2241 claims and submit excerpts from the sentencing transcript in support of the petition.

## Discussion

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has

---

[2] Deibert also alleges that had she known she would not receive a substantial assistance motion, she would not have pleaded guilty. This claim is directly contradicted by other provisions in her plea agreement. (See Plea Agr. ¶15 ("I understand and agree that this plea agreement is not contingent in any way on the United States making a substantial assistance motion"); ¶ 21 ("I have not been . . . promised anything other than the terms of this plea agreement . . . in exchange for my plea of guilty"; "This writing sets forth the entire understanding . . . between the [AUSA] and me")).

[3] Deibert asserts that in June 2009, an agent told her sister that the government still intended to file a Rule 35(b) motion on Deibert's behalf.

- 3 -

found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Deibert fails to demonstrate that § 2255 is inadequate or ineffective to test the legality of her detention so as to allow her to bring her claims under § 2241 instead. The claim she raises – that the government has failed to fulfill its promise to file a substantial assistance motion – is one that can be considered in a § 2255 motion. Moreover, the petition does not indicate any respect in which her claim meets the standard under Jones so as to qualify for consideration under § 2241. She does not point to any recent change of substantive law making it legal to conspire to distribute methamphetamine, and indeed, none exists. Accordingly, petitioner cannot meet the Jones requirements as necessary to show that § 2255 is inadequate or ineffective to test the legality of her detention, her claims cannot be addressed under § 2241, and the court will deny Deibert's motion to have her submissions construed as such.

## Conclusion

As Deibert has objected to having her claims addressed under § 2255, the court will dismiss the § 2255 action without prejudice. Furthermore, for the reasons stated in the court's memorandum opinion and order entered May 8, 2009, the court also cannot grant her motion to compel the government to file a substantial assistance motion. Therefore, her motion for reconsideration (Dkt. No. 105) will be denied. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant and to counsel of record for the government.

ENTER: This 29th day of July, 2009.

/s/ Glen Conrad
United States District Judge