CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 06 2011

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 5:05CR00024 |
| ) | Civil Action No. 5:11CV80346 |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| DAWN MICHELLE DEIBERT, ) | |
| ) | By: Hon. Glen E. Conrad |
| Defendant. ) | Chief United States District Judge |

Dawn Michelle Deibert, a federal inmate proceeding pro se, filed this action as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss to which Deibert has responded, making the matter ripe for the court's disposition. For the reasons that follow, the government's motion to dismiss will be granted and Deibert's motion to vacate will be denied. Additionally, the court will deny Deibert's motion for appointment of counsel and her motion for an evidentiary hearing.

## Background

On July 13, 2005, Deibert was charged in a nine-count indictment returned by a grand jury in the Western District of Virginia. Count One alleged that, beginning prior to October 21, 2004 and continuing until the date of the indictment, Deibert knowingly and intentionally conspired to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On January 4, 2006, Deibert entered a plea of guilty to Count One of the indictment, pursuant to a written plea agreement. By signing the agreement, Deibert certified that she was pleading guilty because she was, in fact, guilty of the offense charged in Count One, and "not because of any threats or promises." (Plea Ag. at 2). The agreement included eight paragraphs pertaining to substantial assistance. Deibert initialed the pages containing those paragraphs and,

by signing the agreement, specifically acknowledged that the determination of whether to seek a sentence reduction on the basis of substantial assistance was within the sole discretion of the United States Attorney's Office. Additionally, Deibert acknowledged that the plea agreement was "not contingent in any way on the United States making a substantial assistance motion," and that "no one ha[d] promised" her that such motion would be made on her behalf. (Plea Ag. at 7).

During the plea hearing conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the magistrate judge established that Deibert possessed the capacity to make a voluntary, intelligent, and informed plea. In response to questions from the magistrate judge, Deibert stated under oath that she had received the opportunity to review the plea agreement with her attorney, and that she understood and agreed to the terms of the plea agreement. The magistrate judge also established that Deibert understood that she might have the opportunity to earn a substantial assistance motion, but that the government was not obligated to pursue such motion even if the defendant was of the opinion that a motion was warranted. (Plea Hearing Tr. at 12-13). In addition, Deibert confirmed that no one had made any promises of leniency or any promises of a lighter sentence in order to induce her plea of guilty. (Plea Hearing Tr. at 13).

The court conducted Deibert's sentencing hearing on April 17, 2006. The court ultimately sentenced the defendant to a total term of imprisonment of 210 months.

Deibert did not appeal her conviction or sentence. However, on April 23, 2009, the defendant, proceeding pro se, moved to compel the government to file a motion for reduction in sentence under Rule 35 of the Federal Rules of Criminal Procedure, arguing that such motion had

been promised by the government.[1] The court denied the defendant's motion on May 3, 2009. In so doing, the court emphasized that Deibert's plea agreement imposed no binding obligation on the government, and that Deibert did not allege that the government's refusal to file a Rule 35 motion was based on an unconstitutional motive.

On June 27, 2011, Deibert filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. The government moved to dismiss the motion, arguing that the motion is untimely and that Deibert's claims are without merit. Deibert filed a response to the government's motion on August 15, 2011. She also filed a motion for an evidentiary hearing and a motion for appointment of counsel. The parties' motions are now ripe for review.

## Discussion

### I. Motions for an Evidentiary Hearing and Appointment of Counsel

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the court must review the government's responsive pleading and any material submitted by the parties and determine whether an evidentiary hearing is warranted. Following such review in this case, it is clear from the record that Deibert is not entitled to relief on any of her claims and, thus, that an evidentiary hearing is not required. Accordingly, the defendant's motion for an evidentiary hearing will be denied.

The court must also deny Deibert's request for appointment of counsel. There is no constitutional right to counsel during § 2255 proceedings. See Hunt v. Nuth, 57 F.3d 1327, 1340

---

[1] Pursuant to Rule 35(b)(1) of the Federal Rules of Criminal Procedure, the court may reduce the defendant's sentence, upon the government's motion made within one year of sentencing, if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

3

(4th Cir. 1995) ("[T]his Court has held that the Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255."). Nonetheless, a court may provide counsel for an indigent inmate pursuing a § 2255 motion, when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In addition, Rule 8 of the Rules Governing § 2255 Proceedings states that if an evidentiary hearing is warranted, counsel must be appointed to represent a moving party who qualifies for appointment of counsel under 18 U.S.C. § 3006A. Otherwise, the United States Court of Appeals for the Fourth Circuit has limited the appointment of counsel to cases where "exceptional circumstances exist," such as when a case is particularly complex or a litigant is unable to adequately represent herself. See Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). In the instant case, it clear from the record that the petitioner is able to adequately represent herself, that an evidentiary hearing is not required, and that there are no other exceptional circumstances that would necessitate the appointment of counsel. Accordingly, Deibert's motion for appointment of counsel will be denied.

## II. Motion to Vacate

In moving to vacate her conviction, Deibert claims that the government breached the plea agreement by refusing to seek a sentence reduction under Rule 35 of the Federal Rules of Criminal Procedure. Deibert also claims that her attorney provided ineffective assistance by failing to inform the court of an orally promised Rule 35 motion. For the following reasons, the court concludes that both of Deibert's claims are without merit.[2]

---

[2] The court agrees with the government that Deibert's § 2255 motion was not timely filed, and that she has not established that she is entitled to any period of statutory or equitable tolling. Nonetheless, the court will consider the defendant's claims on their merits.

4

## A. Alleged Breach of the Plea Agreement

In her first claim, Deibert alleges that the government breached the plea agreement by failing to file a "promised Rule 35 motion." (Def.'s Mot. at 17). Deibert contends that, "had [she] known that the Government would not file the promised Rule 35 motion[,] she would not have accepted any agreement with the Government." (Def.'s Mot. at 17). In support of this claim, Deibert has submitted a letter written by her attorney following the sentencing hearing, in which her attorney indicated that he was of the belief that the government would file a Rule 35 motion.[3]

To the extent Deibert contends that the government breached an express provision in the plea agreement by refusing to file a Rule 35 motion, her claim is without merit. When parties dispute the interpretation of language in a plea agreement, a reviewing court applies basic contract principles. See United States v. Lewis, 633 F.3d 262, 269 (4th Cir. 2011). If a guilty plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be

---

[3] The letter states, in pertinent part, as follows:

> Overriding all of this is the fact that, based upon my conversations with Mr. Fitzgerald and Agent Moran, the Government will file a Rule 35 Motion, and ask for your sentence to be reduced. I will stay in contact with Agent Moran to insure that this does in fact happen. At that time, you will be brought back into Court, and the Judge will be free to sentence you as he pleases, without regard to your guideline range or the mandatory minimum of 10 years.
>
> As I have told you, you must now stay on board, and continue to cooperate with the Government in full. I spoke with Agent Moran and Eric after Court, and everybody seems to be on board. You simply need to keep the faith, and realize that things will turn out for the better. After all, the Judge has already knocked 150 months off the bottom of your guideline range.
>
> I will keep you advised as to what is happening in your case. In the meantime, if you have any questions, please do not hesitate to contact me. You need to be very careful about who you speak with, and don't say or do anything that will cause the Government to think you are backing up on them. You need to be completely on board and cooperative with the Government.

(Ex. 2 to Def.'s § 2255 Motion).

said to be part of the inducement or consideration [to plead guilty], such promise must be fulfilled." Id. "The government is only bound, however, by the promises that were actually made in inducing a guilty plea." Id. In analyzing a plea agreement, the court must hold "the government . . . to a greater degree of responsibility than the defendant . . . for imprecisions or ambiguities" in the agreement. Id. (internal quotation marks omitted).

Applying these standards, the court concludes that the government did not breach the plea agreement by failing to seek a sentence reduction under Rule 35. Contrary to the defendant's assertions, the plea agreement contained no express promise of a Rule 35 motion. As previously summarized, the agreement offered nothing more than an opportunity to provide substantial assistance. The agreement included eight paragraphs governing this subject. Deibert initialed the pages containing those paragraphs and, by signing the agreement, specifically acknowledged that the determination of whether to file a substantial assistance motion was solely within the discretion of the United States Attorney's Office. Deibert also acknowledged that the plea agreement was "not contingent in any way on the United States making a substantial assistance motion"; and that "no one ha[d] promised" her that such motion would be made on her behalf. (Plea Ag. at 7). By signing the agreement, Deibert certified that she was pleading guilty because she was, in fact, guilty of the offense charged in Count One, and "not because of any threats or promises." (Plea Ag. at 2). Based on the foregoing, it is clear from the record that the government did not breach any express terms of the plea agreement by electing not to file a Rule 35 motion.

To the extent Deibert claims that the plea agreement was modified by an oral promise from the government, such argument is also without merit. In support of this claim, Deibert

relies exclusively on the letter from her attorney, which was written following her sentencing hearing. While the letter indicates that her attorney was of the opinion that the government would later move for a sentence reduction under Rule 35, it makes no mention of any promise or guarantee that such motion would be filed. Instead, Deibert's attorney noted that "everybody seem[ed] to be on board," and that Deibert would "need to be completely on board and cooperative with the government." (Ex. 2 to Def's Motion). The court agrees with the government that the attorney's letter, read in its entirety, is not probative of any oral promise by the government.

The court also notes that Deibert's sworn testimony during the Rule 11 hearing contradicts her allegations of an oral promise or other modification of the plea agreement. During the hearing, Deibert confirmed under oath that no one had made any promises other than the terms of the plea agreement, and that she understood that the government was under no obligation to file a substantial assistance motion. (Plea Hearing Tr. at 12-13). In the absence of extraordinary circumstances, "the truth of sworn statements made during a Rule 11 colloquy is conclusively established," and allegations in a § 2255 motion that contradict the sworn statements must be deemed "palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citation and quotation marks omitted).

In the instant case, Deibert has alleged no extraordinary circumstances that would allow her to renege on the sworn statements that she made during the Rule 11 hearing. Had the government made a promise outside of the plea agreement, Deibert had no reason to avoid notifying the court of that fact. Because Deibert stated under oath that no one had made a

7

promise to her outside of the plea agreement, and since she failed to proffer any evidence that a Rule 35 motion was expressly promised, her claim that the government breached the agreement is without merit and must be dismissed.

### B. Ineffective Assistance

In her second claim, Deibert contends that she received ineffective assistance from her attorney. Specifically, Deibert alleges that she was led to believe that she would benefit from a Rule 35 motion, and that counsel was ineffective in failing to advise the court that such motion had been promised by the government. To succeed on a claim of ineffective assistance, a petitioner must establish that counsel's performance was "deficient." Strickland v. Washington, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. The petitioner must also show that counsel's deficient performance prejudiced her defense. Id. To demonstrate prejudice, the petitioner generally "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id.

Having reviewed the record, the court concludes that Deibert has failed to satisfy either element of the Strickland test. As previously explained, there is no evidence that the government promised to file a Rule 35 motion and, thus, no breach of the plea agreement occurred. Consequently, Deibert cannot establish that her attorney erred in failing to challenge the government's refusal to file a Rule 35 motion, or that she suffered any resulting prejudice.

To the extent Deibert's motion can be construed to suggest that her attorney induced her plea of guilty by indicating that a substantial assistance motion would be forthcoming, the court

8

concludes that such claim is also without merit. The only evidence Deibert offered to support this claim is the letter from her attorney, which was delivered well after her Rule 11 hearing. As stated above, the court reads the letter so as to express counsel's belief that a substantial assistance motion would be forthcoming. The letter in no way indicates that a motion had been promised by the government or that such promise was part of the decision making process in determining to accept the plea agreement. Thus, even under the defendant's allegations, the court finds no evidence that counsel acted in an ineffective manner in advising his client.

## Conclusion

For the reasons stated, the court will grant the government's motion to dismiss and deny the defendant's motions. Additionally, because the defendant has failed to demonstrate "a substantial showing of the denial of a constitutional right," the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this opinion and the accompanying order to the defendant and all counsel of record.

ENTER: This 5th day of October, 2011.

*[signature]*
_____
Chief United States District Judge